UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

DONNA M. JAMES,

        Plaintiff,                    ORDER
      -against-                     10-CV-470 (JG)(VVP)

STATE OF NEW YORK AND
COMMISSIONER OF SOCIAL SERVICES
FOR THE CITY OF NEW YORK,

        Defendant.
----------------------------------------------------------X
JOHN GLEESON, U.S.D.J.:

        On January 29, 2010, Donna James filed a complaint alleging that her state-appointed guardians deployed "tyrannical methods . . . to commit [her] private property for sale," Compl. at 2 of 194, ECF No. 1. James further alleges that the proceeding adjudicating her "incapacitated" on April 7, 2003 was "based on fraud, created evidence, [and] the leverage of Trial Court with Public Officials enjoined in the act of Social Intolerance . . . .," *id.* at 1 of 194. She seeks an order from this Court re-instating her right to the property sold by auction in 2007.

        I initially declined to reach the merits of James's claims because, as an incompetent person, I held that she may not pursue them on her own behalf. *See* Order dated May 5, 2012. James appealed, and the Second Circuit remanded the case, directing that I consider, *inter alia*, whether to exercise the court's inherent authority to appoint a guardian ad litem to represent James's interests in the federal forum. *James v. New York*, No. 10 Civ 2042, 2011 WL 982658, at *2 (2d Cir. March 22, 2011). I referred the matter to Magistrate Judge Viktor Pohorelsky for a Report and Recommendation ("R&R"), and he heard oral argument on

September 14, 2011.  Present at oral argument were James and her three state-appointed guardians and the co-trustees of her Special Needs Trust.

I have carefully reviewed the R&R; Ms. James's objections to the R&R submitted on April 15, 2013; the transcript of the oral argument, *see* Oral Arg. Tr., ECF No. 23; and the Affirmation and exhibits submitted by co-guardian and co-trustee Mary J. Martinez-DiGregorio, *see* ECF No 37.  I agree with Judge Pohorelsky's conclusions that (1) Ms. James has been adjudicated incapacitated pursuant to Article 81.02 of the New York Mental Hygiene Law, *see* R&R at 2, ECF No. 39; and that (2) that Ms. James's guardians are not acting in bad faith, *see id.* at 2, 7-9.  Having carefully considered the record, I adopt the R&R in full; I decline to exercise my discretionary authority to appoint a guardian ad litem to appear in this matter on James's behalf.   Accordingly, James's claims are dismissed without prejudice.

So ordered.

John Gleeson, U.S.D.J.

Dated: May 3, 2013
Brooklyn, New York